UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF ) <br> ) <br> v.                              ) <br> ) <br> ) <br> JOSEPH SMITH,               ) <br> ) <br>      Defendant.           ) <br> _____) | Criminal No. 19-CR-324 (BAH) <br><br> Chief Judge Beryl A. Howell <br><br> Trial Begins: June 8, 2020 |

### DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF GOVERNMENT'S PROPOSED EXPERT WITNESS

Mr. Smith, by and through undersigned counsel, and respectfully moves this Court to exclude the expert testimony of Dr. Wolf as an expert in patterns and symptoms of child sexual abuse, including mental health symptoms and effects, disclosure of child sexual abuse, memory around child sexual abuse, and the complex clinical needs of victims of child sexual abuse. As described in further detail below, Dr. Wolf's expert opinion testimony cannot satisfy the relevance and reliability standard set out in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and its progeny and the relevant provisions of Federal Rule of Evidence 702, 703, and 704.

### MEMORANDUM OF POINTS AND AUTHORITIES

FRE 702 governs the admissibility of expert testimony: A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue, (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the

case. The proponent of the expert testimony bears the burden of proving its admissibility by a preponderance of the evidence. *See also Daubert*, 509 U.S. at 592 n.10 (proponent bears the burden); *Best v. United States*, 66 A.3d 1013, 1017 (D.C. 2013) ("The proponent of the evidence bears the burden of demonstrating its admissibility."); *United States v. Woodfolk*, 656 A.2d 1145, 1150 n.14 (D.C. 1995) ("Preponderance of the evidence is the most commonly accepted standard in determining the admissibility of evidence.").

The trial judge must act as a gatekeeper, admitting only that expert testimony that is relevant and reliable. *Daubert*, 509 U.S. at 589. With regard to scientific knowledge, the trial court must initially determine whether the reasoning or methodology used is scientifically valid and is properly applied to the facts at issue in the trial. Id. To aid the trial court in this gatekeeping role, the Supreme Court listed several key considerations in *Daubert*: (1) Can or has the scientific knowledge been tested, (2) Has the given theory or technique been published or the subject of peer review, (3) Does a known error rate exist, and (4) Does the theory enjoy general acceptance in the particular field. Id. at 592-94. Although *Daubert* focused on the admissibility of scientific expert opinions, the trial court's gatekeeping function applies to all expert testimony, including that based upon specialized or technical, as opposed to scientific, knowledge. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999); *Berry v. City of Detroit*, 25 F.3d 1342, 1350 (6th Cir. 1994).

The trial judge enjoys broad discretion in determining whether the factors listed in *Daubert* reasonably measure reliability in a given case. *Id*. at 153. However, because of the power of expert testimony to sway a jury, "it is crucial that the [trial] court conduct a careful analysis into the reliability of the expert's proposed opinion." *United States v. Fultz*, 591 Fed. Appx. 226, 227 (4th Cir. 2015). The expert's testimony must be grounded in an accepted body of

learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded. *See, e.g.*, American College of Trial Lawyers, Standards and Procedures for Determining the Admissibility of Expert Testimony after Daubert, 157 F.R.D. 571, 579 (1994) ("[W]hether the testimony concerns economic principles, accounting standards, property valuation or other nonscientific subjects, it should be evaluated by reference to the 'knowledge and experience' of that particular field.").

The trial court's objective "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. Although the general principles established in Daubert apply to all experts, the enumerated considerations may or may not apply to a particular non-scientific expert. *Id*. at 149."[T]here is often an inherent danger with expert testimony unduly biasing the jury 'because of its aura of special reliability and trust.'"*United States v. Anderson*, 851 F.2d 384, 393 (D.C.Cir.1988) (quoting *United States v. Amaral*, 488 F.2d 1148, 1152 (9th Cir.1973)), cert. denied, 488 U.S. 1012, 109 S.Ct. 801, 102 L.Ed.2d 792 (1989). Even if this court determines that the testimony is admissible pursuant to *Daubert*, FRE 702, and FRE 704, the court may still exclude the testimony as being more prejudicial than probative under FRE 403. *See United States v. Boney*, 977 F.2d 624 (D.C. Cir. 1992) ("We note that in cases such as this, it is within the trial court's discretion to exclude under Fed. R. Evid. 403 expert testimony that goes beyond a description of criminal modus operandi in general and assigns specific roles to individual defendants if the court deems it unfairly prejudicial").

## ARGUMENT

**A. Dr. Wolf's Expert Testimony Should be Excluded Pursuant to *Daubert*.**

The government has proffered Dr. Wolf as an expert witness to testify about child sexual abuse, including mental health symptoms and effects, disclosure of child sexual abuse, memory around child sexual abuse, and the complex clinical needs of victims of child sexual abuse. *Assuming arguendo* her experience and skill set is sufficient for the government to proffer her as an expert in the categories as stated, the court should nevertheless preclude her testimony specifically related to "a parent [being] a victim of child sexual abuse themselves, may display behavior or parenting practices that lead to greater risk of their own child being sexually abused." In this case, whether the complainant's parent was the victim of sexual abuse is unsubstantiated and irrelevant.

Dr. Wolf should also be precluded from testifying about "delayed disclosure [by a complainant] resulting from a multitude of barriers. Specifically, barriers from within the child (for example, internalized victim-blaming, mechanisms to protect oneself, and immature development at time of abuse); barriers in relation to others (for example, violence and dysfunction in the family, power dynamics, awareness of the impact of telling, and fragile social network); and barriers in relation to the social world (for example, labeling, taboo of sexuality, lack of services available, and culture or time period)." *Assuming arguendo* that general testimony about disclosure of sexual abuse may be permitted as expert testimony by this Court, Dr. Wolf's testimony about "barriers" should be excluded under the *Daubert* standard.

FRE 704(b) specifically precludes an expert witness from stating an opinion about "whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Instead, those matters must be left to the trier of fact. If

allowed to testify regarding the information listed above, essentially the role of Dr. Wolf would be to give improper opinion testimony about the credibility of the complaint. It is expected that the crux of the government's case will rely on the testimony of the alleged complainant. By requesting admission of a broad range of subjects, the government is inherently conceding that its fact witnesses will not be credible and will not provide the testimony necessary to establish the charges in the indictment. The government is attempting to use expert witness testimony to help explain and justify either a lack of credible testimony by the government's witnesses or the absence of evidence in its case. The government is seeking to use its expert witness to encourage the jury to replace its assessment of the critical element and replace it with the assessment of the expert witness. The use of expert testimony in this manner would threaten to lower the burden of proof that the government carries by explaining away inconsistencies or lack of evidence. Dr. Wolf has not interviewed the complainant and should not be permitted to contradict testimony that may be harmful to the government's case. Furthermore, this testimony is not within the permissible confines of merely aiding the jury in understanding. As such, the proffered testimony does not satisfy the standards of *Daubert* and its progeny and should, therefore, be excluded.

    A.  **Dr. Wolf's Testimony should be Precluded Pursuant to Fed R. Evid. 403.**

Dr. Wolf's proffered expert testimony should also be excluded because the marginal probative value of the evidence, is substantially outweighed by the prejudicial effect. The probative value of Dr. Wolf's testimony must be weighed against "the danger of unfair prejudice, confusion of the issues, or misleading the jury" as well as "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Dr. Wolf's testimony will not aid the factfinder and will confuse the jury on its role with her opinion that the complainant is telling the truth. Combined with its lack of probative value,

the prejudicial effect of the admission of Dr. Wolf's testimony is extremely high and the evidence should be excluded.

    WHEREFORE, for the foregoing reasons, and for any reason that may appear at an evidentiary hearing Mr. Smith respectfully requests that Court grant the Defendant's Motion To Exclude Testimony of Government's Proposed Expert Witness.

                                                    Respectfully submitted,

                                                    _____/s/_____

Brandi Harden
Bar No. 470706
Counsel for Joseph Smith
Harden|Pinckney, PLLC
400 7th Street Suite 604
Washington, DC 20004
hardenpinckney@gmail.com
(202) 390-0374

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by via ECF to the Office of the United States Attorney, attn: AUSA Caroline Burrell, Esq. and AUSA Mona Sedky Esq., 555 Fourth Street, N.W., Washington, DC 20530 on this 5th day of May 2020.

*Brandi Harden*

_____
Brandi Harden