**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 19-CR-324 (BAH)** |
| | ) | |
| | ) | |
| **JOSEPH SMITH,** | ) | |
| | ) | |
| | ) | **Chief Judge Beryl A. Howell** |
| **Defendant.** | ) | **Trial Begins:  October 26, 2020** |
| _____ | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. STEPHANIE WOLF

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this opposition to the Defendant's Motion to Exclude Testimony of Dr. Stephanie Wolf. In support of its opposition, the United States relies upon the following points and authorities, and such other points and authorities as may be cited at a hearing, if any, on this motion.

## ARGUMENT

The defendant moves, under Federal Rules of Evidence 702, to exclude the anticipated testimony of Dr. Stephanie Wolf, J.D., Ph.D., who was noticed by the government on March 24, 2020, as an expert witness on patterns and symptoms of child sexual abuse, disclosure of child sexual abuse, and the complex clinical needs of victims of child sexual abuse. The defendant's argument under Rule 702 focuses on two specific aspects of Dr. Wolf's testimony, namely 1) the likelihood that a parent who was a victim of sexual abuse may display behavior or practices that lead to a greater risk of his or her own child being abused; and 2) the barriers that may result in delayed disclosure by a child victim of sexual abuse. The defendant also argues that the anticipated testimony of Dr. Wolf is not relevant under FRE 403. The government will address each argument in turn.

**A.      Legal Standard**

1.      <u>Rule 702</u>

Rule 702 of the Federal Rules of Evidence (FRE) controls the admission of expert testimony. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact at issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is based upon reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Supreme Court has addressed the requirements of Rule 702 in two major cases, <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 590 (1993), and <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999). Those cases dispensed with the more restrictive "general acceptance" requirement of <u>Frye v. United States</u>, 293 F. 1013 (D.C. Cir. 1923), requiring instead that the district judge perform a gatekeeping function that the evidence is "not only relevant, but reliable." <u>Daubert</u>, 509 U.S. at 589. Factors that the district court may consider under <u>Daubert</u> when determining whether to admit expert testimony include "whether it can be (and has been) tested," whether it "has been subjected to peer review and publication," "the known or potential rate of error," "the existence and maintenance of standards controlling the techniques operation, and the degree it is accepted as reliable within the relevant scientific community." <u>Id.</u> at 591, 593-94.

As the Court stated in <u>Daubert</u>, the test of reliability is a "flexible" one, and <u>Daubert's</u> list of specific factors neither necessarily nor solely applies to all experts or in every case. <u>Kumho Tire</u>, 526 U.S. at 141 (citing <u>Daubert</u>, 509 U.S. at 594). In <u>Kumho Tire</u>, the Supreme Court declared that "the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." 526 U.S. at 142 (emphasis and internal citations omitted). Thus, the Rule 702 inquiry leaves a trial judge "considerable leeway in deciding…how to go about determining whether particular expert testimony is reliable." <u>Id.</u> at 152.

2.     <u>Expert Testimony on Child Sexual Abuse</u>

Federal courts routinely permit expert testimony related to child sexual abuse such as that offered by Dr. Wolf. <u>See, e.g.</u>, <u>United States v. Whitted</u>, 11 F.3d 782, 785 (8th Cir. 1993) (noting that "in the context of child sexual abuse cases, a qualified expert can inform the jury of characteristics of sexually abused children and describe the characteristics the alleged victim exhibits"); <u>Parker v. Scott</u>, 394 F.3d 1302, 1312 (10th Cir. 2005) (permitting testimony by doctor, testifying as an expert on child abuse, that "the information she gained through examination of the child was consistent with a person who suffered sexual abuse."); <u>United States v. Kirkie</u>, 261 F.3d 761, 766 (8th Cir. 2001) (permitting a qualified expert to testify "regarding characteristics of sexually abused children generally and as they compared with the characteristics exhibited by the victims in [the] case"); <u>United States v. Charley</u>, 189 F.3d 1251, 1264 (10th Cir.1999) (permitting expert testimony regarding characteristics of sexually abused children generally and permitting description of characteristics that the alleged victims exhibit); <u>United States v. Bighead</u>, 128 F.3d 1329, 1330 (9th Cir. 1997) (permitting expert testimony about certain characteristics of child sexual abuse victims); <u>United States v. Johns</u>, 15 F.3d 740, 743 (8th Cir. 1994) (allowing an expert

to tell the jury about typical "emotional and psychological traits for abuse victims" and noting that such testimony was admissible because the witness "made no comment on [the alleged victim's] credibility nor did [the witness] identify [the alleged victim] as a victim of child abuse").

**B.      Testimony Regarding a Parent Who Was a Victim Of Child Sexual Abuse**

Turning to the present case, the defendant first objects to the following testimony by Dr. Wolf, as set forth in the government's expert notice:

> Dr. Wolf may further testify that when a parent was a victim of child sexual abuse themselves, they may display behavior or parenting practices that lead to greater risk of their own child being sexually abused. They may be more likely to have children who are perpetrated against. Past unresolved abuse may lead to inadequate monitoring of their children, unresolved trauma symptoms which encourage family dysfunction, poor boundaries, and difficulty in protecting the child from sexual perpetrators.

The defendant opposes this testimony on the basis that whether the complainant's parent was a victim of sexual abuse is "unsubstantiated and irrelevant." Def. Mot. at  4. The defendant does not provide any further explanation or support for his position.

At this time, the government does not know whether it will call A.S.'s mother at trial or what the precise delineation of her testimony will be.[1] Should information about prior sexual abuse not be presented at trial, the government will not elicit the above-mentioned testimony from Dr. Wolf. Nonetheless, the government included this area of potential testimony in its expert notice in order to provide the defendant with adequate notice pursuant to its discovery obligations. A.S. has testified that her mother was aware of inappropriate and unusual behavior by the defendant; for example, when A.S. was 12 years old, she disclosed to her mother that the defendant made sexually

---

[1] As noted in an earlier filing, due to the COVID-19 pandemic, the government has been unable to interview A.S.'s mother in person as part of its trial preparation.

suggestive comments to her. On another occasion, A.S.'s mother walked in on the defendant's sexual abuse, stated that she hoped nothing inappropriate was occurring, and left the room. Dr. Wolf's testimony provides helpful context for A.S.'s mother's otherwise counterintuitive response to the defendant's behavior and, as such, meets the requirements of FRE 702 and 403.

**B.      Testimony Regarding Barriers to Victim's Disclosure**

The defendant also objects to the following testimony by Dr. Wolf:

> Dr. Wolf may also explain delayed disclosure as resulting from a multitude of barriers. Specifically, barriers from within the child (for example, internalized victim-blaming, mechanisms to protect oneself, and immature development at time of abuse); barriers in relation to others (for example, violence and dysfunction in the family, power dynamics, awareness of the impact of telling, and fragile social network); and barriers in relation to the social world (for example, labeling, taboo of sexuality, lack of services available, and culture or time period).

The defendant claims that this testimony would be improper opinion testimony under FRE 704(b), which prohibits an expert from opining on "whether or not a defendant did or did not have the mental state that constitutes an element of a crime." Def. Mot. at 4-5. The defendant claims that Dr. Wolf's general testimony regarding a victim's barriers to disclosure amounts to opinion testimony about the credibility testimony of the complainant, which the defendant believes falls within FRE 704(b). Def. Mot. at 5.

This argument is meritless. As an initial matter, the defendant cites to no authority to support the proposition that FRE 704(b) is at all applicable to Dr. Wolf's testimony. By its plain language, FRE 704(b) is limited to testimony of whether a *defendant* did or did not have *the mental state that constitutes an element of a crime*. The subject of Dr. Wolf's testimony is neither the defendant nor his mental state, thus FRE 704(b) is inapplicable.

More importantly, however, the defendant misconstrues the nature of the anticipated testimony by Dr. Wolf. Dr. Wolf is not opining on the credibility of the complainant, or even discussing *anything* specific to the complainant. Her testimony is being offered as background testimony regarding sometimes counterintuitive child victim responses to sexual abuse. She will not opine specifically that A.S. was sexually abused or comment on A.S.'s credibility, nor does her general testimony about barriers to disclosure invite such speculation. The jurors will be left to decide whether or not any of those barriers applied to A.S. and whether or not they contributed to her delayed disclosure, in addition to their judgment of her overall credibility as a witness.

## C.     Dr. Wolf's Testimony is Relevant Under FRE 403

Finally, the defendant claims that Dr. Wolf's testimony is inadmissible under FRE 403 because it "will not aid the factfinder and will confuse the jury on its role with her opinion that the complainant is telling the truth." Def. Mot. at 5. Again, the defendant misconstrues the nature of Dr. Wolf's testimony; she will not opine on A.S.'s truthfulness, or indeed any specifics of A.S.'s case, but rather offer background testimony about child sexual abuse victim responses generally. Her testimony will aid the factfinder in evaluating A.S.'s behaviors, and ultimately in determining the facts at issue. Jurors have preconceived notions about child sexual abuse victims and witnesses. For example, they may believe that all child sexual abuse victims and witnesses exhibit certain behaviors when discussing the abuse, or believe that all children would immediately disclose sexual abuse, particularly when the abuse is repeated or severe. Hearing from someone with years of direct experience will help dispel jurors' preconceived notions and allow jurors to put this evidence in context. Thus, Dr. Wolf's anticipated testimony raises no concerns under FRE 403.

## **CONCLUSION**

In sum, the government submits that Dr. Wolf's testimony more than satisfies the Rule 702

factors, is relevant under Rule 403, and should be admitted.


MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY

   */s/ Caroline Burrell*
AUSA Caroline Burrell
SAUSA Mona Sedky
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-6950; caroline.burrell@usdoj.gov
(202) 252-7122; Mona.Sedky2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by ECF upon defense counsel of record, Brandi Harden, on May 19, 2020.

*/s/ Caroline Burrell*
AUSA Caroline Burrell
SAUSA Mona Sedky
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-6950; caroline.burrell@usdoj.gov
(202) 252-7122; Mona.Sedky2@usdoj.gov