UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-CR-324 (BAH) |
| | ) |
| JOSEPH SMITH, | ) |
| | ) |
| | ) Chief Judge Beryl A. Howell |
| Defendant. | ) Trial Begins: October 18, 2021 |
| | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE CASE AGENT FROM COURTROOM DURING TRIAL**

The defendant moves to exclude the case agent in the above-captioned matter, Federal Bureau of Investigation Special Agent Danielle Schnur, from remaining in the courtroom at counsel table during the upcoming trial in this child sexual exploitation prosecution. The government opposes the defendant's motion and requests the Court to permit SA Schnur to remain in the courtroom and to sit at counsel table throughout the trial, both before and after her anticipated testimony.

Federal Rule of Evidence 615, which addresses witness sequestration, expressly exempts from the Rule officers who are "a party's representative." Rule 615 states, in pertinent part, that "this rule does not authorize excluding: (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney or (c) a person whose presence a party shows to be essential to presenting the party's claim or defense." *See* FRE 615.

Several courts have held that case agents are exempt from sequestration under Rule 615(b) and (c). *See United States v. Phibbs,* 999 F.2d 1053 (6th Cir. 1993) (holding that Drug

1

Enforcement Administration (DEA) special agent qualified as "essential" witness who could remain in courtroom, in addition to the Federal Bureau of Investigation (FBI) special agent qualified as government representative, to assist with drug prosecution, considering expected length of trial, number of defendants, and large amount of evidence); *United States v. Connors,* 894 F.2d 987(8th Cir. 1990) (holding that trial court did not err in allowing FDIC examiner, who was the Government's final witness, to remain in the courtroom despite sequestration rule where his presence was essential to his ability to effectively testify regarding the exhibits before the jury); *United States v. Lee,* 834 F.3d 145(2nd Cir. 2016*)* (holding that District Court properly exempted law enforcement agent from sequestration, as the government's case agent in prosecution of defendant for conspiring to commit and committing Hobbs Act robbery, using and carrying firearm in connection with crime of violence, and causing death through use of firearm); *United States v. Martin,* 920 F.2d 393 (6th Cir. 1990) (holding that FBI case agent was within exception to sequestration rules and was not excludable from courtroom during testimony of other witnesses, nor did agent have to testify first, even if other witnesses were being sequestered; case agent was prosecutor's information source and, even if agent had been excluded, prosecutor would have had to reveal other witnesses' testimony in order to map out strategy); *United States v. Gonzalez,* 918 F.2d 1129 (3rd Cir. 1990) (holding that trial court did not abuse its discretion when it denied defendant's motion to sequester government's case agent, even though case agent later testified against defendant and his codefendants, inasmuch as case agent functioned as government's designated representative); *United States v. Thomas*, 835 F.2d 219 (9th Cir. 1987) (holding that Federal Evidence Rule 615 did not require exclusion of testifying government agent from trial during testimony

of other witnesses, as agent was an officer for the Government); *United States v. Adamo*, 882 F.2d 1218, 1235 (7th Cir. 1989) (holding that undercover agent who was prosecution witness during cocaine distribution conspiracy trial could be designated to sit at government counsel's table, even though he was also witness.). As the Court noted in *Adamo*, the legislative history of Rule 615 makes it clear that a government investigative agent, even if a witness, may be designated to sit at counsel's table. *Id*. (citing S.Rep. No. 1277, 93rd Cong., 2d Sess. 26 (1974), reprinted in 1974 U.S. Code Cong. & Adm. News, 7051, 7072–73).

Accordingly, Federal Rule of Evidence 615 and governing case law expressly allow for SA Schnur to sit at counsel table. Here, the government is choosing to designate SA Schnur as its representative, pursuant to FRE 615. *See* FRE 615(b). Furthermore, SA Schnur, whose specialty is investigating crimes against children, is essential to the presentation of the government's child exploitation case, given the anticipated length of this trial, the unique victim and other witness issues it will pose, and the large amount of digital and other evidence, including highly sensitive evidence photographs of child sexual abuse material. SA Schnur's presence in the courtroom is necessary in order to allow her to effectively testify regarding the exhibits that will be admitted into evidence and, as the lead investigator throughout the course of this matter, she is the government's source of information. Even if the Court were to exclude her presence, the testimony of other witnesses would need to be revealed to "fact-check" information and allegations, and to map out the government's trial strategy. Therefore, the Court should allow SA Schnur to remain at counsel table throughout the trial.

Dated: October 8, 2021                                    Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

    /s/ *Mona Sedky*
SAUSA Mona Sedky, D.C. Bar 447968
AUSA Caroline Burrell
555 Fourth Street, N.W.
Washington, D.C. 20530
(202)262-7122; Mona.Sedky2@usdoj.gov and Mona.Sedky@usdoj.gov
(202)252-6950; Caroline.Burrell@usdoj.gov

.