UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 19-CR-324 (BAH) |
| | : | |
| JOSEPH SMITH, | : | Chief Judge Beryl A. Howell |
| Defendant. | : | |
| | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Mr. Joseph Smith, through undersigned counsel, respectfully submits the following memorandum in support of sentencing. For the reasons stated below, pursuant to 18 U.S.C § 3553(a) Mr. Smith requests that the Court reject the government's request for a life sentence and sentence him to the mandatory minimum in this case--one hundred and eighty months of incarceration. Mr. Smith will be nearly 80 years old when he is released. The mandatory minimum sentence is appropriate related to the circumstances of the case, and would be "sufficient, but not greater than necessary," to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2). Mr. Smith also respectfully requests that all other sentences run concurrently. Pursuant to USSG §5G1.2(c), if the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently.

I.         PROCEDURAL BACKGROUND

Mr. Smith was convicted a trial of one count of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a); one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4); one count of Enticing a Minor, in violation of 18 U.S.C. § 2242; five counts of First Degree Child Sexual Abuse (with Aggravating Circumstances), in violation of 22 D.C. Code §§ 3008, 3020(a)(2); and two counts of First Degree Sexual Abuse (with Aggravating

Circumstances), in violation of 22 D.C. Code §§ 3002, 3020(a)(2). Understanding that he was convicted a trial, Mr. Smith plans to appeal his convictions.

II.     JUSTIFICATION FOR A 180 MONTH SENTENCE

**A.  Pursuant to *United States v. Booker*, and 18 U.S.C. § 3553(a), A Prison Sentence of One hundred Eighty Months is a Reasonable, Appropriate and Sufficient Sentence.**

Mr. Smith is sixty-three years old with an eighth-grade education. At age 17, he enlisted in the United States Army National Guard but was unable to complete basic training because he was kicked and injured by a sergeant. Mr. Smith was honorably discharged, however his physical health continued to decline. The PSI writer notes that "Medically speaking, defendant Smith is generally healthy and is presently taking medication for an enlarged prostate."

However, Mr. Smith is not 'generally healthy' and suffers from several serious medical conditions. Most notably cervical radiculopathy, cervical spinal stenosis with myelomalacia, back pain, joint swelling, muscle weakness, stiffness, osteoarthritis of right hip, osteoarthritis of left knee, enlarged prostate and excruciating chronic pain. *See*, Exhibit 1 (under seal). Mr. Smith is at an age where these medical conditions will invariably get worse. Being away from his support structure, both family and doctors, will invariably exacerbate his conditions. Should Mr. Smith be incarcerated for 15 years between the ages of 63 and 78 he will emerge in substantially worse shape than he is now, if he does not *die* before completing his sentence. While the BOP can care for him, the costs of that care are bound to escalate.

It is the combination of Mr. Smith's age, and significant health problems, that justify a sentence significantly below government's request. The circumstance of Mr. Smith's age and poor health would, under certain circumstances, justify sentence pursuant to USSG § 5H1.1(a). Section 5H1.1 of the Sentencing Guidelines Manual reads:

Age (including youth) is not ordinarily relevant in determining whether a departure is

> warranted. Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration. Physical condition, which may be related to age, is addressed at §5H1.4 (Physical Condition, Including Drug or Alcohol Dependence or Abuse; Gambling Addiction).

The pertinent portion of §5H1.4 reads:

> Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a departure may be warranted. However, an extraordinarily physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

As stated in §5H1.1, age "is not ordinarily relevant in determining whether departure is warranted." Nonetheless, circumstances such as age may be relevant "to the determination of whether a sentence should be outside the applicable guideline range" "in exceptional cases." USSG Ch. 5, Pt. H, Intro. Comment. Here, Mr. Smith requests a sentence of fifteen years, and that the Court consider his age in a manner consistent with USSG § 5H1.1(a).

In *United States v. Booker* the Supreme Court held that the mandatory nature of the sentencing guidelines system violated the Sixth Amendment of the United States Constitution. 543 U.S. 220, 226-27 (2005). To remedy the Sixth Amendment violation, the Court excised the two provisions of the Sentencing Reform Act (SRA), 18 U.S.C. § 3553(b)(1) and 18 U.S.C. § 3742(e), which made the Guidelines mandatory on sentencing and appellate courts. *Id*. at 245.

Thus, *Booker* rendered the Sentencing Guidelines advisory. The Court further held that judges are required to "take account of the Guidelines *together with* other sentencing factors," and to "consider" the guidelines along with all the other required factors. *Id*. at 224. (emphasis added). Following *Booker*, sentencing courts are still required to consider the guideline imprisonment ranges, but are free to "tailor the sentence in light of other [§ 3553] statutory concerns as well," *Id* at 245. 18 U.S.C. § 3553(a) provides that the court shall, on considering these factors, impose a sentence that is "sufficient, but not greater than necessary to comply with

the purposes set forth" in sub-section (a)(2): just punishment, deterrence, protection of the public, and rehabilitation of the defendant. The sentencing court should consider all information concerning the background, character and conduct of a defendant as enumerated in 18 U.S.C. § 3661 *Id* at 251.

In post-*Booker* federal sentencing proceedings the properly calculated Sentencing Guidelines are "the starting point and the initial benchmark" *Gall v. United States*, 552 U.S. 38, 49 (2007). From there, the Court must consider all of the statutory factors enumerated in 18 U.S.C. § 3553(a) in order to determine the appropriate sentence to impose. In making this determination, the sentencing court may not presume that the guideline sentence is the correct one. *Nelson v. United States*, 129 S. Ct. 890, 892 (2009); *see also United States v. Pickett*, 475 F.3d 1347, 1352 (D.C. Cir. 2007) ( "One, but only one, of the factors a sentencing court must also consider is the sentencing range under the Guidelines.")

The Sentencing Commission itself has acknowledged that U.S.S.G. § 2G2.2 is not the product of "empirical data and national experience" but instead a response to the creation of mandatory minimum sentences and specific congressional directives. *United States Sentencing Commission, Fifteen Years of Guideline Sentencing*, at 73 (Nov. 2004) ("frequent mandatory minimum legislation and specific directives to the Commission to amend the Guidelines make it difficult to gauge the effectiveness of any particular policy change, or to disentangle the influences of the Commission from those of Congress").

**1. The Nature and Circumstances of the Offense and the Characteristics of the Defendant**
    **a.  The Nature and Circumstances of the Offense**

Mr. Smith was convicted of the offenses set forth in the Presentence Investigation Report. PSR ¶ ¶ 10-41.

### b. History and Characteristics of Mr. Smith

Mr. Smith stands before the Court with a record scattered throughout his adult life. That record is in large part a direct result of difficult upbringing and the repugnant conduct that he was subjected to as a young child. Mr. Smith along with his seven siblings were raised by their mother and father. However, before Mr. Smith became a teenager, he witnesses his mother shoot his father over an affair. His father was also both verbally and physically abusive to him, ostracizing him from his other siblings. By 1989, Mr. Smith was shot, and has lasting effects from that shooting which are present today. He is now 63 years old and continues to suffer from the trauma of his childhood along with several medical complications.

## 2. The Purposes of Sentencing

### a. The Sentence should reflect the seriousness of the offense

Pursuant to 18 U.S.C. § 3553(a)(1)(2)(A) Mr. Smith's sentence must reflect the seriousness of the offense. Because Mr. Smith was convicted of serios offenses, the Court has to punish him and strike the appropriate balance between the punitive sanction and the long term goal of rehabilitation. The critical question is whether the requested sentence of 180 months "promote[s] respect for the Law and provide[s] just punishment."

In view of all of the facts and circumstances of this case, it is a reasonable request that Mr. Smith receive a sentence, along with a term of supervised release that allows him, when he is almost eighty, to leave prison and transition back into the community. Additionally, lifetime offender registration will proactively address recidivism. Supervised Release will subject Mr. Smith to a strict supervision regimen which will include reporting to a probation officer, submitting monthly reports and report any change in his residence. All of these encumbrances

will be part of his everyday life, therefore 180 months of incarceration will be a sufficient sentence that is not "greater than necessary."

### b. The sentence should afford adequate deterrence to criminal conduct

An important purpose of sentencing requires that the sentence will deter others who might be inclined to engage in the behavior that has brought Mr. Smith before the Court. The sentence imposed on Mr. Smith should be such that a potential offender will appreciate the severity of Mr. Smith's punishment. With that knowledge the would-be offender will decide that the consequences of pursuing any such criminal impulses are too high and refrain from doing so. There should be no doubt that a prison sentence of 180 months will serve as a tangible warning to other individuals.

### c. The sentence should provide the most effective rehabilitation

18 U.S.C. § 3553(a)(2)(D) directs the Court to consider Mr. Smith's sentence in a manner that supports his rehabilitation. Mr. Smith will be rehabilitated after being sentenced to 180 months in the Bureau of Prisons. Upon his return to the community, if he does not die in prison, Mr. Smith will undoubtedly live a life free of any criminal involvement.

### III. THE OBSTRUCTION OF JUSTICE ENHANCEMENT DOES NOT APPLY

Mr. Smith should not have a two-level adjustment for Obstruction of Justice pursuant to U.S.S.G. § 3C1.1 and this enhancement does not apply. At trial Mr. Smith exercised his right to testify and did not perjure himself. While there is a dispute related to his testimony, it does not under any theory amount to perjured testimony. Therefore, the government has not established that a two-level adjustment for obstruction under U.S.S.G. § 3C1.1 is warranted, and the enhancement should not apply.

## **CONCLUSION**

      Mr. Smith requests that this Court not sentence him to die in prison. A sentence of 15 years is effectively a life sentence. Mr. Smith asks the Court for leniency and to impose a prison sentence of 180 months, followed by a term of supervised release.

      Respectfully submitted,
_____/s/_____
Brandi Harden
Bar No. 470706
Counsel for Joseph Smith
Harden|Pinckney, PLLC
400 7th Street Suite 604
Washington, DC 20004
hardenpinckney@gmail.com
(202) 390-0374

**CERTIFICATE OF SERVICE**

I, Brandi Harden, hereby certify that on February 11, 2022, I caused a true and correct copy of the foregoing Sentencing Memorandum to be served via ECF on the parties of record.

/s/
Brandi Harden